UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL D. CARTER, JR., <br> Plaintiff, <br><br> v. <br><br> WARDEN, <br> Defendant. | ) <br> ) <br> ) <br> ) CAUSE NO.: 3:24-CV-212-JVB-JEM <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

Michael D. Carter, Jr., a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging a conviction in Elkhart County under Case No. 20D02-1703-F6-000422. (ECF 1). Under Rule 4 of the Rules Governing Section 2254 Cases, the Court must review the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"[1]

In May 2019, Mr. Carter pled guilty to failure to return to lawful detention. *See State v. Carter*, 20C01-1703-F6-00422 (Elkhart Cir. Ct. closed June 10, 2019). On June 10, 2019, the judge sentenced him to serve one year in prison. *Id.* (docket entry June 10, 2019). The following day, the judge amended the judgment to reflect that his sentence was to be served consecutively to a sentence imposed for a probation violation in a burglary case. *Id.* (docket entry June 11, 2019); *see also State v. Carter*, 20D02-1011-FB-35 (Elkhart Cir. Ct. closed Dec. 10, 2012). He did not pursue a direct appeal or state post-conviction relief. (ECF 1 at 1-2).

On February 22, 2024, he tendered his federal petition to prison officials for mailing. *Id.* at 5. The petition is somewhat difficult to follow, but the Court understands him to be claiming that he was unlawfully "sentenced twice" for the same offense, and that he received ineffective

---

[1] The Court is permitted to take judicial notice of public records in ruling on the petition. *See* Fed. R. Evid. 201.

assistance of counsel because his attorney did not raise this issue with the court at the time of sentencing. (ECF 1 at 3-4).

As a preliminary matter, it is not clear that Mr. Carter is "in custody" in connection with the failure to return conviction, which is a threshold requirement for challenging the conviction under 28 U.S.C. § 2254. *See Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Public records reflect that on April 24, 2024, Mr. Carter was found guilty of violating his probation for this conviction and was unsatisfactorily discharged from probation. *Carter*, 20C01-1703-F6-00422 (docket entry Apr. 24, 2024.) It thus appears he is done serving his sentence, and a petitioner cannot use 28 U.S.C. § 2254 to challenge a conviction when he has "already served the entirety of his sentence." *Coss*, 532 U.S. at 401. Nevertheless, given the complexity of his criminal history,[2] it appears possible that he is facing some "collateral consequence" from the failure to return conviction, which would satisfy the "in custody" requirement. *See Lauderdale-El v. Indiana Parole Bd.*, 35 F.4th 572, 575 (7th Cir. 2022). Because of the uncertainty, the Court will proceed to consider the petition.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) contains a strict statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] In addition to the convictions and probation revocations referenced above, Mr. Carter currently has charges pending against him for unlawful possession of a firearm by a serious violent felon and other offenses. *State v. Carter*, 20C01-2402-F6-235 (Elkhart Cir. Ct. filed Feb. 23, 2024); *State v. Carter*, 20C01-2401-F4-0003 (Elkhart Cir. Ct. filed Jan. 10, 2024).

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Applying those provisions here, Mr. Carter was sentenced on June 11, 2019, and he did not pursue a direct appeal. His conviction became final under 28 U.S.C. § 2244(d)(1)(A) when the time for filing a direct appeal expired on July 11, 2019. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (for habeas petitioners who do not complete all levels of review, judgment becomes final when time for seeking further review expires); Ind. R. App. 9(A) (direct appeal must be filed within 30 days of trial court's judgment). He had one year from that date, or until July 2020, to file a timely federal petition. He did not file a petition within that deadline and instead waited until February 2024 to file this petition.

When asked to explain why the petition is timely under the provisions of 28 U.S.C. § 2244(d), Mr. Carter states, "I'm still currently in custody on this matter." (ECF 1 at 5). As noted above, public records reflect that this is no longer true, but even if he were still in custody, this does not mean the petition is timely under 28 U.S.C. § 2244(d). He waited well over a year after his conviction became final to pursue federal habeas relief, and he does not argue that a state-created impediment prevented him from filing a petition on time, nor do his claims implicate newly discovered facts or a newly recognized constitutional right made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(A)-(D). Therefore, the petition is untimely and cannot be considered on the merits.

Pursuant to Section 2254 Habeas Corpus Rule 11, the Court must consider whether to grant or deny him a certificate of appealability. To obtain a certificate of appealability when a petition is

3

dismissed on a procedural ground, the petitioner must establish that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As outlined above, the petition is untimely by four years and Mr. Carter does not identify any potential grounds for tolling the deadline. The Court finds no basis to conclude that reasonable jurists would debate the correctness of this procedural ruling.

On the second prong, it is doubtful that the petition states a valid claim for the denial of a constitutional right. He does not identify the source of law underlying his sentencing claim, and it is unclear how his rights were violated under the U.S. Constitution or other federal law.[3] 28 U.S.C. § 2254(a) (writ of habeas corpus may issue "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States"). If he is arguing an error of state law, this does not present a cognizable basis for pursuing federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Furthermore, it is not evident that he had a viable reason to challenge his sentence, and his counsel cannot be considered ineffective for "failing to raise [a] meritless claim[]." *Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013). He will not be granted a certificate of appealability.

For these reasons, the Court:

(1) **DISMISSES** the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

(2) **DENIES** the petitioner a certificate of appealability; and

---

[3] He may be trying to assert a violation of his rights under the Double Jeopardy Clause, but public records belie a claim that he received two sentences for the same offense; instead, the judge merely amended his sentence. *See* U.S. Const., amend V; *Witte v. United States*, 515 U.S. 389, 395-96 (1995). The Court notes that Mr. Carter may have been confused at sentencing because he had three separate criminal cases being handled by the same judge, for which sentences were all imposed in June 2019. *See Carter*, 20C01-1703-F6-00422; *Carter*, 20D02-1011-FB-35; *State v. Carter*, 20C01-1811-F6-1717 (Elkhart Cir. Ct. closed June 10, 2019).

(3) **DIRECTS** the clerk to close this case.

SO ORDERED on May 7, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
